*2 OPINION of the Court, by
Judge Bibb. —
Bullitt5® executors and devisees prayed relief in equity against the elder title at law, obtained by Thomas Marshall; settingup their claim to relief under the following entry : “ May 16th, 1780, Cuthbert Bullitt enters eight thousand acres, upon a treasury warrant, to begin ata svtphur lick that empties into the north fork of Licking, about fifteen miles from the mouth of Cabin creek, and about three miles east of the road that leads from Ca* bin creek to the upper Blue Licks, on Lie king creek, running aexvn the creek met its manches ier Quantity,'*
Aftreamdoe» 0VthatFfise that in the common und«a»ndingof ¡¿'"e The Ip eU larion ofcreek.
ln‘he abience poor, curt m,t pre_ fume that the £“1Ph“r fPnnS at acral™ °
AaWi/whe-”,jt°ru<y of „f éntr.'Vsput in ¡flue -alcho' the proper c->n-entry^ór figure of furvey, is ⅛
prefll-j asco the validity of the
The complainants obtained a decree for a part of the land included in the grant to Marshall, to which the defendants in that court have prosecuted a writ of error into this court. The plaintiffs contend that the entry of Bullitt ought not to have been sustained, but if sustainable, that the survey thereof directed by the decree is erroneous.
The spring assumed as the beginning in the original survey, is neither a sulphur spring nor lick. That assumed bv the court in their decree does not appear by any evidence in the cause to have been notorious at the date of the entry, and the description given by the locator is very imperfect, and somewhat fallacious. But the defendants in this court, contend that the notoriety of the objects called for in the location, or the validity of the location itself, is not questioned by the answers of the defendants Co the bill m chancery; but that the manner in which the entry should have been surveyed, is all that they put in issue, the sulphur spring and lick (assumed by the decree) being conceded. Whether the validity of the entry, or its construction only upon a beginning conceded, has been put in issue, in the court br 1 1 I r t 13 ■ • clow, seems somewhat doubut;!. But it is Xy to decide that point, since the entry ol Bulliit cannot hold any part of the land in controversy, even if the beginning, as assumed m the decree of the court below, were conceded.
Here it is proper to remark, that the answer of one of the defendenis insists that Bullitt’s entry calls for a for a sulphur lick ; and so it duce an authenticated copy of the entry ; but on the whole entry, it is indifferent which of the two expressions are used. It then the beginning called for is granted, we may omit the description given of the spring by its relative position to the road and the mouth oí Cabin creek. The entry will then read, “ to begin sulphur spring that empties into the north fork of Licking” — “ running down the creek and its branches tor quantity.” Down what creek and what branches ? Here the entry at best is ambiguous. The defendants, contend the stream running from the sulphur spring is the creek alluded to ; but there is no proof in the record respecting it. It does not appear that this stream, even sulphur spring, and not must be taken to be, as the complainants did not pro-1 *4 where it discharges into the north fork, is of such s'izq, as in the common understanding of men, would deserve the appellation of creek. It would be presuming too far, in destruction of the elder title, to suppose that the spring or lick called for in the entry, ran off as a creek, emptying into the north fork ; and to say this was “ the creek and its branches” alluded to, would do violence to the proper reading and understanding of the entry. The north fork of Licking, seems to be the creek down which and its branches, the entry should take a general direction for quantity. Upon this construction, without determining whether the entry is valid or invalid, it will be seen on the first view of the connected plat, that there can be no interference between Bullitt’s entry and Thomas Marshall’s grant now in controversy.
Wherefore it is decreed and ordered, that the decree aforesaid be reversed, set aside and annulled ; and the cause remanded to the Mason circuit court, with directions to dismiss the bill of the complainants with costs: which is ordered to be certified to said court. Audit is farther decreed and ordered, that the defendants in this court pay to the plaintiffs their casts in this behalf expended.